Justice ROBINSON,
concurring.
I concur in the entirety of the Court’s opinion in this case. However, I am troubled by the result reached with respect to. the taxpayers’ challenge to the 2011 assessment. I concede that existing Rhode Island precedent supports the Court’s conclusion that the statutory requirement that particular language be included in the application form is directory rather than mandatory. While I consider it to be an exceedingly close question, I am persuaded that the fact that the General Assembly did not provide for any specific remedy for a municipality’s failure to abide by the statutory requirement renders that requirement directory. However, I would hasten to add that the General Assembly’s inclusion of a specific remedy would unquestionably lead me to conclude that we were confronted with a mandatory statutory provision; if such a situation were present in the instant case, I would have been of a different view concerning the 2011 assessment. See, e.g., GSM Industrial, Inc. v. Grinnell Fire Protection Systems Co., 47 A.3d 264, 270 (R.I.2012) (noting that the statutory requirement at issue provided that the penalty for noncompliance was that the lien in question would be *550 “void and wholly lost”) (quoting G.L.1956 § 34-28-4(a)).